UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CECELIA LUCAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-292 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ON PENDING MOTIONS</u>

Plaintiff Cecilia Lucas (Lucas) filed this action against Defendant Todd A. Beach (Beach), alleging that Beach negligently caused a collision of their respective vehicles, resulting in personal injury damages. D.E. 1-3. Lucas joined Defendant City of Corpus Christi, Texas (the City), alleging that Beach was the City's employee at the time of the collision and that the City is liable under the theory of respondeat superior. Lucas also sued the City for its direct liability, in the form of negligent entrustment of the City's vehicle to Beach and negligent hiring, training and supervision of Beach. *Id.* Both Defendants have filed motions to dismiss certain claims against them. And the City filed a motion for summary judgment on the remaining claim against it.

For the reasons set out below, the Court GRANTS the City's "Partial Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6)" (D.E. 8), TAKES UNDER ADVISEMENT the "Motion to Substitute United States as Defendant and Dismiss Plaintiff's Original Complaint" (D.E. 10) pending jurisdictional discovery, and DENIES the City's Motion for Summary Judgment (D.E. 11).

# DISCUSSION

## A. The City's Motion to Dismiss: Direct Liability Claims Against the City

The City invokes its governmental immunity in seeking dismissal of the direct liability claims for negligent entrustment, hiring, training, and supervision. D.E. 8. The City's request is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), challenging whether Lucas has stated a claim upon which relief may be granted. More specifically, the City offers authority that the waiver of governmental immunity in the Texas Tort Claims Act (TTCA) does not apply to the types of direct liability claims Lucas has brought. The provision at issue states:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A) *the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle* or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; . . . .

TTCA, Tex. Civ. Prac. & Rem. Code § 101.021 (emphasis added).

According to the City, the only conduct that triggers liability is the primary conduct: operation of the vehicle. Secondary conduct involving supervisors, recruiters, and department heads, such as entrusting the vehicle, failing to screen employees in the hiring process, or employee training and supervision is conduct too far removed to fall within the waiver of governmental immunities. Courts have agreed, consistent with the

twin principles that: (a) a governmental unit enjoys a heavy presumption in favor of immunity; and (b) a legislature's waiver of sovereign immunity must be clear and unambiguous. *See, City of Galveston v. State,* 217 S.W.3d 466, 469 (Tex. 2007); *Duhart v. State*, 610 S.W.2d 740, 742 (Tex. 1980).

Using this line of reasoning, the Fifth Circuit has determined that the TTCA is "not the appropriate vehicle for claims of negligent failure to train or supervise." *Goodman v. Harris Cty*., 571 F.3d 388, 394 (5th Cir. 2009). In her response, Lucas seeks to distinguish *Goodman* as addressing only an intentional tort. D.E. 14. However, the Fifth Circuit expressly stated that it was considering negligence and gross negligence allegations against the governmental unit "arising out of the same conduct that formed the basis of the intentional tort claims against its employee." *Id*. The Fifth Circuit's decision, which is in line with Texas appellate court opinions, precludes a contrary result here.

Under the TTCA, "A party suing the governmental unit bears the burden of affirmatively showing waiver of immunity." *Univ. of Texas M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). While Lucas has attempted to discredit or distinguish the cases the City has cited, she has not produced a single authority to the contrary. D.E. 14. The Court determines that the issue is well-settled. The Court GRANTS the City's motion and DISMISSES the claims for negligent entrustment, hiring, training, and supervision. Lucas's claim against the City for respondeat superior liability for Beach's conduct as its employee was not challenged in this motion and remains pending for disposition, below.

**B.  The United States' Motion to Substitute and Motion to Dismiss: Claims Against Beach and the Federal Government**

In its motion, the United States seeks to substitute itself for Beach because, it claims, Beach was acting as a Drug Enforcement Agency (DEA) task force officer at the time of the collision and any resulting cause of action lies exclusively against the United States under the Federal Tort Claims Act.  28 U.S.C. § 2679(b)(1).  The Attorney General, through his United States Attorney, has submitted his certification—based on unspecified, available information—that Beach was acting in the scope of his federal employment at the time of the collision.  D.E. 10-2.  *See* 28 U.S.C. § 2679(d)(1).

As a result, the United States seeks dismissal of Beach, and the construction of all claims against Beach to be claims against the United States.  In turn, the United States makes a Rule 12(b)(1) jurisdictional challenge, seeking dismissal of all of the claims newly construed against it, based on Lucas's failure to exhaust administrative remedies.  Under the standard of review applicable to Rule 12(b)(1) motions, the Court may consider evidence and resolve disputed fact issues.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002).

The United States advocates its requested result on the basis that the Attorney General certification of Beach's federal employment is conclusive.  D.E. 10.  The Supreme Court of the United States disagrees:

> Under our reading, the Attorney General's certification that a federal employee was acting within the scope of his employment—a certification the executive official, in cases of the kind at issue, has a compelling interest to grant—does

> not conclusively establish as correct the substitution of the
> United States as defendant in place of the employee.

*Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995).

To controvert the certification, Lucas observes that it is undisputed that Beach was on the City's payroll at the time and that he was driving a vehicle provided by the City. D.E. 17, p. 2; *see also*, D.E. 11-1, p. 13. Lucas also relies on evidence presented with the City's motion for summary judgment, which includes Beach's statement as the City's employee that he had been released from work early and was driving home at the time of the collision. D.E. 11-1, p. 5. Given the conflicting evidence, Lucas seeks an opportunity to conduct discovery to further test whether Beach was working in the course and scope of employment for either the City or the United States or whether he was outside the scope of employment for either governmental entity.

The Court GRANTS Lucas's request for jurisdictional discovery and TAKES UNDER ADVISEMENT the motion to substitute and to dismiss (D.E. 10).

**C. The City's Motion for Summary Judgment**

The City seeks summary judgment that, at the time of the collision, Beach was either outside the scope of employment for any employer or was in the course and scope of his federal employment. This would eliminate the City's respondeat superior liability for Beach's actions. D.E. 11. Lucas has not responded to this motion, although the deadline for doing so has passed. S.D. Tex. Local Rule 7.3. Nonetheless, for the reasons described above, the Court finds that there are disputed issues of material fact regarding whether Beach was acting in the scope of employment for the City or the United States,

or was outside the scope of employment altogether. Consequently, the motion for summary judgment (D.E. 11) is DENIED.

## CONCLUSION

For the reasons set out above, the Court:

- GRANTS the City's "Partial Motion to Dismiss for Failure to State a Claim Pursuant to FRCP 12(b)(6)" (D.E. 8) and DISMISSES WITHOUT PREJUDICE Lucas's claims for negligent entrustment, hiring, training, and supervision;

- TAKES UNDER ADVISEMENT the "Motion to Substitute United States as Defendant and Dismiss Plaintiff's Original Complaint" (D.E. 10) pending jurisdictional discovery; and

- DENIES the City's Motion for Summary Judgment (D.E. 11) because there is a disputed issue of material fact.

The Court ORDERS the parties to meet and confer to determine if they can agree to the parameters of jurisdictional discovery pertinent to the course and scope of employment issues and report the results of their conference to the Court at the initial pretrial conference set for **January 9, 2020**.

ORDERED this 2nd day of January, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE